UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br>v.<br><br>JOHN FOSTER,<br><br>   *Defendant*. | )<br>)<br>)<br>)<br>)<br>) Cause No. 1:16-cr-00033-SEB-DML<br>)<br>)<br>) |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, Robert M. Yoke, Special Assistant United States Attorney ("the Government"), and the defendant, John FOSTER ("the defendant"), in person and by counsel, William Dazey, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea and Charge(s)

1. **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense(s) charged in the Indictment:

 A. Count 1, which charges that the defendant committed the offense of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section(s) 922(g)(1).

 B. Count 2, which charges that the defendant committed the offense of Unlawful Possession of a Firearm in a School Zone, in violation of Title 18, Unites States Code, Section(s) 922(q)(2).

2. **Potential Maximum Penalties:** The offense in Count 1 is punishable by a minimum sentence of 15 years' imprisonment, a maximum sentence of life in prison, a $250,000 fine, and 5 years' supervised release following any term of imprisonment pursuant to Title 18, United States Code, Section 924(e).

The offense in Count 2 is punishable by 5 years' imprisonment, a $250,000 fine, and 3 years' supervised release following any term of imprisonment.

3. **Elements of the Offense:** To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

Count 1:

    a) That prior to the date of possession charged in the indictment, the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one (1) year;

    b) That prior to the date of possession charged in the indictment, the defendant had been convicted of three crimes that qualify as either crimes of violence or controlled substance offenses;

    c) That on the date of possession charged in the indictment, the defendant knowingly possessed a firearm, and;

    d) That the firearm possessed by the defendant had traveled in interstate commerce prior to defendant's possession of it on that date.

Count 2:

    a) That on the date of possession charged in the indictment, the defendant knowingly possessed a firearm, and;

    b) That on the date of possession charged in the indictment, the defendant possessed a firearm in a place that he knew or had reasonable cause to believe is a school zone, and;

    c) That the firearm possessed by the defendant had traveled in interstate commerce prior to defendant's possession of it on that date.

### Part 2: General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty", the Court may impose the same punishment as if the defendant had plead "Not Guilty", had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence

3

higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed.R.Crim.P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be

protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3: Sentence of Imprisonment

9. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

> A. **Government's Recommendation:** The Government has agreed to recommend a sentence of 15 years on Count 1 and to dismiss Count 2.
>
> B. **Defendant's Recommendation:** The Defendant is free to ask for any sentence, including a sentence below the guideline range, subject to the statutory minimum sentence of 15 years' imprisonment.

10. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

11. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

12. **No Appeal of Supervised Release Term and Conditions:** As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 4: Monetary Provisions and Forfeiture

13. **Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14. **Fine:** The parties agree that the Defendant shall not pay a fine.

15. **Restitution:** The parties agree that no restitution is owed.

16. **Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The defendant would have a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to the defendant for use in the collection of any fines and restitution imposed by the Court.

17. **Forfeiture:** The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity. The defendant further agrees not to contest any forfeiture action brought against any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

    a) Lorcin Model L380 semiautomatic handgun with serial number 504532.

### Part 5: Factual Basis for Guilty Plea

18. The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

> On or about October 5, 2015, at approximately 8:12 a.m. IMPD Officer McGaha was on patrol in Indianapolis, Indiana driving an unmarked police vehicle when he came upon a stolen 2005 Gray Dodge Durango with a stolen license plate. Ofc. McGaha had information that the Durango was occupied by John FOSTER who was wanted for escape and was possibly armed. On or about September 9, 2015, FOSTER walked away from a work release

facility in Oldham County, Kentucky and stole the Durango from the work release facility, eventually fleeing north to the Indianapolis area. Around September 30, 2015, a police report was filed regarding the stolen license plate that was on the Durango on October 5, 2015.

Believing that he had the correct subject, Ofc. McGaha followed the Durango while informing other officers of his location and waited for additional support prior to initiating contact with the suspect. While at the intersection of Southport Rd and S. Meridan St. FOSTER became alerted to police and abruptly pulled the Durango to the right and drove through the front yard of a business on the southwest corner of the road and fled south on S. Meridian St. Ofc. Burnett had arrived at the location and was traveling in a fully marked police vehicle and activated his lights and sirens to indicate for FOSTER to stop the Durango. FOSTER continued fleeing South without stopping and Ofc. Burnett continued to follow with active lights and sirens.

After a short chase, FOSTER pulled into the parking lot of Perry Meridian Middle School located at 202 W. Meridian School Rd. Ofc. Nolan arrived at approximately the same time from a different direction and was able to see that FOSTER was holding a handgun while still inside the Durango. Suddenly, FOSTER stopped the Durango on an access road near the football field and abruptly exited the Durango. As FOSTER exited the Durango he was still holding the handgun in his hand. Ofc. Nolan was in fear for his life and fired two shots at FOSTER, in the direction of the empty football field. In view of several officers, FOSTER then raised his handgun to his own head and shot himself under the chin.

The handgun FOSTER possessed was recovered and was a Lorcin Model L380 semiautomatic handgun with serial number 504532, which travelled in interstate commerce.

During the time that this occurred there were children present inside the school and the school had to be placed on lockdown.

In addition to actively serving a sentence in Kentucky, FOSTER is currently on parole for an offense that occurred in Indiana. FOSTER's criminal history is such that he is an Armed Career Criminal, having been previously convicted of the following three felonies:

Dealing in Cocaine or Narcotic Drug as a Class A Felony, Cause No. 49G20-0509-FA-156465, in Marion County Superior Court, Indiana, on or about April 6, 2006, and;

Burglary as a Class B Felony, Cause No. 49G02-8803-CF-030903, in Marion County Superior Court, Indiana, on or about July 7, 1988, and;

Robbery as a Class C Felony, Cause No. CR86-101A, in Marion County Superior Court, Indiana, on or about September 4, 1986.

### Part 6: Other Conditions

**19.    Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**20.    Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**21.     Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 7: Sentencing Guideline Stipulations

**22.     Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2015 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

**A.     Offense Level and Specific Offense Conduct:** The base offense level for Count One as charged in the indictment, Felon in Possession of a Firearm, is thirty-three (33), pursuant to §4B1.4(b)(3)(B) as this base offense level for an Armed Career Criminal is greater than the base offense level and specific conduct under §2K2.1.

**B.     Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline §3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty,

thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. §3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

    C.    **Final Offense Level:** Count 1 – 30.

### Part 9: Waiver of Right to Appeal

23.    **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

24.    **Collateral Attack:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an

11

amendment retroactive, the government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

25. **No Appeal of Supervised Release Term and Conditions:** The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 10: Presentence Investigation Report

26. The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

27. The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Part 11: Immigration Consequences

28. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to

which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Part 12: Statement of the Defendant

29. By signing this document, the defendant acknowledges the following:

A. I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

B. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

C. I have read the entire Plea Agreement and discussed it with my attorney.

D. I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I hope to receive probation, but am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.** I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.** I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**I.** I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice

of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

K.   My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

L.   Trial of this cause is scheduled to commence on April 18, 2016. I request that this date be continued to permit the Court to consider this proposed guilty plea agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 13: Certificate of Counsel

30.   By signing this document, the defendant's attorney and counselor certifies as follows:

A.   I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment in this case;

B.   To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**C.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**D.** In my opinion, the defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**E.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## Part 14: Final Provision

**31. Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

5/19/16  
DATE

[signature]  
Robert M. Yoke  
Special Assistant United States Attorney

5/19/16  
DATE

[signature]  
Bradley Blackington  
Chief, Drug and Violent Crime Unit

4/17/2016  
DATE

[signature]  
John Foster  
Defendant

4-17-2016  
DATE

[signature]  
William Dazey  
Counsel for Defendant

17